IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA,      2006 NOV 15 P 12: 01

        PLAINTIFF,      DEBRA P. HACKETT CLK
                U.S. DISTRICT COURT
               MIDDLE DISTRICT ALA.
     v.          CIVIL ACTION NO. 2:06 CV 1022 - MEF

ONE 2001 CHEVROLET SUBURBAN,  :
VIN: 3GNEC16TX1G165966,    :
WITH ALL APPURTENANCES     :
AND ATTACHMENTS THEREON,   :
                         :
        DEFENDANT.    :

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States of America, by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, in a civil cause of forfeiture in rem respectfully alleges as follows:

### NATURE OF THE ACTION

1.     This is an action to forfeit and condemn to the use and benefit of the United States of America the following property:  a vehicle, One 2001 Chevrolet Suburban, VIN: 3GNEC16TX1G165966 (hereinafter, "Defendant vehicle"), which was seized on June 19, 2006, for violations of Title 21, United States Code, Section 841 et seq.

### JURISDICTION AND VENUE

2.     The United States brings this action in rem in its own right to forfeit and condemn the Defendant vehicle under Title 21,

United States Code, Section 881.  This Court has jurisdiction over this action under Title 28, United States Code, Sections 1345 and 1355.

3.    Venue is proper in this district pursuant to Title 28, United States Code, Section 1355 and Title 21, United States Code, Section 881(j), because, the acts or omissions giving rise to the forfeiture occurred in this district and the property is located within the Middle District of Alabama.

### THE DEFENDANT IN REM

4.    The Defendant vehicle consists of one 2001 Chevrolet Suburban, VIN: 3GNEC16TX1G165966, seized on June 19, 2006.  According to State of Alabama Records, title to this vehicle is held in the name of TARAMESHA FOUNTAIN.

### FACTS

5.    The facts and circumstances supporting the seizure of the Defendant vehicle are as follows:

a)    In March 2006, task force officers began an investigation into Ricardo Cajero (hereinafter, Cajero) and his drug trafficking activities.

b)    In March 2006, Cajero met with a confidential (hereinafter, CS) and was driving a 2001 Chevrolet Suburban (the Defendant vehicle), registered to Taramesha Fountain (hereinafter, Fountain).

2

c)    The investigation revealed that Cajero was using a residence located at 2000 Green Acres Drive, Montgomery, Alabama to facilitate his illegal activities. A check of utilities at the address revealed that the billed subscriber at the residence was Fountain. During the course of the investigation, agents were told that Cajero was supplying Tavaris Mabson (hereinafter, Mabson) with large amounts of marijuana and cocaine.  Mabson is a well known drug distributor.

d)    On May 5, 2006, a search warrant was executed at 2000 Green Acres Drive.  The search warrant was obtained after agents seized approximately 200 pounds of marijuana in a vehicle from which Cajero fled.  The vehicle had come from 2000 Green Acres Drive immediately before the seizure.  At the residence, agents located and seized approximately 35 pounds of additional marijuana and other miscellaneous items. Fountain and Mabson were both present during the search.   Mabson is Fountain's common-law husband.

e)    In June 2006, Mabson, Fountain and Cajero were indicted by a federal grand jury for possession with intent to distribute approximately 240 pounds of marijuana, conspiracy to possess with intent to distribute over 1,000 kilograms of marijuana and possession of a firearm in furtherance of a drug trafficking offense.

3

f)    On June 19, 2006, agents received information from a CS that Mabson was at 2627 Lark Drive, Montgomery, Alabama. Agents were also informed that Mabson was driving the Chevrolet Suburban (the Defendant vehicle). Agents established surveillance and executed a stop on Mabson after he left the residence. Mabson was arrested and the Suburban was seized.

g)    The interior of the Suburban contained a strong odor of raw marijuana. Several marijuana seeds and pieces of marijuana residue were inside the vehicle and several partially burned hand-rolled marijuana cigarettes were in the ashtray.

h)    A check of the Suburban's title history revealed that Fountain purchased the vehicle in February 2006 from Foreign Auto Car Sales. Kenneth Gray (hereinafter, Gray) is the owner of Foreign Auto Car Sales and is also Fountain's cousin. Gray said Fountain bought the Suburban in February by trading in a car and paying approximately $5,000 cash. No lien is shown on the vehicle.

i)    In order to prevent law enforcement officials from discovering or seizing their assets, drug dealers often use a relative or associate (who is not connected to the drug business) as a "straw" or nominee owner. The "straw" owner holds legal title to the property, but the true owner retains dominion and control of the property.

j)    Mabson has a history of using other individuals to make "straw purchases" of vehicles and other items.

4

k)    Fountain showed a reported income of $7,600.00 in the fourth quarter of 2005 and $1,900.00 in the first quarter of 2006.  No other employment records exist for Fountain.

l)    Neither Mabson nor Fountain has sufficient legal income to show a legitimate source for the funds used to purchase the Defendant vehicle.

## CLAIM FOR RELIEF

6.    The United States repeats and realleges each and every allegation set forth in Paragraphs 1 through 5(l) above.

7. The Defendant vehicle was used or intended to be used to transport,  or  facilitate  the  transportation,  sale,  receipt, possession or concealment of controlled substances in violation of Title 21, United States Code, Section 841 et seq.

8.    The Defendant vehicle constitutes the proceeds of monies, negotiable  instruments,  securities  or  other  things  of  value furnished or intended to be furnished in exchange for a controlled substance in violation of Title 21, United States Code, Section 841 et seq.

9.    As a result of the foregoing, the Defendant vehicle is liable to condemnation and to forfeiture to the United States for its use, in accordance with Title 21, United States Code, Section 881(a)(4)and 881(a)(6).

WHEREFORE, the United States of America requests that the Court issue a Warrant and Summons for the arrest and seizure of the

5

Defendant vehicle; that notice of this action be given to all persons known or thought to have an interest in or right against the vehicle; that the Defendant vehicle be forfeited and condemned to the United States of America; that the United States of America be awarded its costs and disbursements in this action and, for such other and further relief as this Court deems proper and just.

Respectfully submitted this 14th day of November, 2006.

FOR THE UNITED STATES ATTORNEY
LEURA G. CANARY

John T. Harmon [HAR108]
Assistant United States Attorney

Address of Counsel:

Office of the United States Attorney
Middle District of Alabama
One Court Square, Suite 201 (36104)
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone: (334) 223-7280
Facsimile: (334) 223-7560
E-mail: John.Harmon@usdoj.gov

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHER DIVISION

STATE OF ALABAMA           )
COUNTY OF MONTGOMERY       )

## VERIFICATION

I, Neill Thompson, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Drug Enforcement Administration, that I have read the foregoing Verified Complaint, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and, as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the United States Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct on this 14th day of November, 2006.

NEILL THOMPSON, Special Agent
DRUG ENFORCEMENT ADMINISTRATION

Sworn to and subscribed before me this the 14th day of November, 2006.

Notary Public
Commission expires: 9 23 09