IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | Civil Action No.: 2:06CV-1022-F |
| ) | |
| ONE 2001 CHEVROLET SUBURBAN, ) | |
| VIN: 3GNEC16TX1G165966, WITH ALL ) | |
| APPURTENANCES AND ATTACHMENTS ) | |
| THEREON, ) | |
| Defendant. ) | |

**CLAIMANT'S BRIEF IN OPPOSITION TO
THE UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGEMENT**

COMES NOW the Claimant, Tarameshia Fountain, by and through the undersigned counsel and files herein her Brief in Opposition to the United States of America's Motion for Summary Judgement, stating as follows:

PRELIMINARY STATEMENT

I purchased the subject vehicle making payments until the purchase price was paid in full. Members of the Montgomery Police Department executed a traffic stop on my vehicle while I was at work. They found Tavaris Mabson driving the vehicle. I had allowed Tavaris Mabson to drive my vehicle. I have no personal knowledge of whether Tavaris Mabson was or is involved in any illegal activities that would subject my vehicle to seizure. As a result of the traffic stop, the items seized was One 2001 Chevrolet Suburban, VIN: 3GNEC16TX1G165966 which the Claimant claims as her personal property. There were no controlled substances found with or in the vehicle, and there was no indication that said vehicle was the result of any illegal activity warranting seizure. The Claimant asserts that the vehicle seized is not subject to forfeiture pursuant to 21 USCA § 841,

et seq., and as such a genuine controversy exists which precludes the entry of summary judgment in this matter.

## STATEMENT OF THE CASE

Facts-Answer.

The Claimant adopts and alleges the statements in her Verified Claim previously filed with this Court. The Verified Claim contains the statements of the Claimant and are sworn to under penalty of perjury, and the original Verification is filed with this Court.

Verified Answer to Forfeiture In Rem.

Paragraph number 1 states as follows:

> Members of the Montgomery Police Department executed a traffic stop on my vehicle. They found Tavaris Mabson driving the vehicle. I had allowed Tavaris Mabson to drive my vehicle. I have no personal knowledge of whether Tavaris Mabson was or is involved in any illegal activities that would subject my vehicle to seizure.

## ARGUMENT

A.  Standard for Granting Summary Judgment.

Rule 56(c) of the Federal Rules of Civil Procedure. Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other

facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. "[The] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a) . . . ." Anderson v. Liberty Lobby, Inc., ante, at 250. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (U.S., 1986).

When the United States moves for summary judgment in a § 881 civil forfeiture action, the initial burden rests with the United States to establish probable cause to forfeit the property. **See** Four Parcels of Real Property, 941 F.2d at 1439. If the United States fails to establish probable cause, summary judgment for the United States is improper. n2 See id. at 1439 (citing United States v. Twenty (20) Cashier's Checks, Having the Aggregate Value of Two Hundred Thousand ($ 200,000) Dollars in U.S. Currency, 897 F.2d 1567, 1570 (11th Cir. 1990)). United States v. 7079 Chilton County Rd. 37, 123 F. Supp. 2d 602, 605 (D. Ala., 2000).

The Eleventh Circuit has interpreted the probable cause requirement as "probable cause to believe that a substantial connection exists between the property to be forfeited and an illegal exchange of a controlled substance." United States v. A Single Family Residence and Real Property, 803 F.2d 625, 628 (11th Cir. 1986); see also $ 121,100.00, 999 F.2d at 1505; United States v. Real Property and Residence, 921 F.2d 1551, 1556 n.8 (11th Cir. 1991) (interpreting § 881(a)(7)).United States v. 7079 Chilton County Rd. 37, 123 F. Supp. 2d 602, 605-606 (D. Ala., 2000).

Two standards exist in the United States Courts of Appeals as to what the United States must prove to establish probable cause for forfeiture of real property under § 881(a)(7). One standard sets forth that the United States must prove that the real property had a "substantial connection" to the illegal activity. The other merely requires that the United States demonstrate a "nexus" between the

seized property and the illegal activity. United States v. One Parcel Property, 842 F. Supp. 1421, 1426 n.10 (M.D. Ala. 1994) (summarizing the views of the different Circuits).

The Eleventh Circuit has not expressly adopted either a "substantial connection" standard nor a "nexus" standard for forfeiture under § 881(a)(7). United States v. Approximately 50 Acres of Real Property, 920 F.2d 900, 902 (11th Cir. 1991) (per curiam). However, "the Eleventh Circuit ... has recognized that district courts within the Circuit are applying the substantial connection test in actions under § 881(a)(7), thus extending its holding that the test applies in forfeiture actions under 21 U.S.C. § 881(a)(4) and § 881(a)(6)." One Parcel Property, 842 F. Supp. at 1426 n.10. Thus, the court will apply the substantial connection test to § 881(a)(7). United States v. 7079 Chilton County Rd. 37, 123 F. Supp. 2d 602, 606 (D. Ala., 2000).

B.     Burden of Proof.

To prevail in a civil forfeiture case, the government must establish probable cause for belief that a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute. The probable-cause standard demands less evidence than the preponderance-of-the-evidence standard. But the probable-cause standard demands more powerful evidence than would allow someone to suspect--even reasonably to suspect--that a substantial connection exists between the pertinent property and a drug crime. Probable cause exists when the facts warrant a reasonably cautious person to believe that the item to be forfeited is substantially related to drug crime. Where the forfeiture is pursuant to 21 U.S.C.S. § 881(a)(6) (amended 2000), not just any criminal activity will support the forfeiture: the form of criminal wrongdoing must involve the exchange of a controlled substance. United States v. $242,484.00, 351 F.3d 499 (11th Cir., 2003).

It is the government's burden with respect to the defendant currency to prove by a

preponderance of the evidence that there is a "substantial connection" between the currency and the purchase or sale of cocaine. **See, e.g.**, $ 345,510.00 in U.S. Currency, 2002 U.S. Dist. LEXIS 236, 2002 WL 22040, at 2 (interpreting CAFRA: "the Court must...determine whether these facts are sufficient to establish by a preponderance of the evidence that the Defendant currency is connected with illegal narcotics activity.")(citing 18 U.S.C. § 983(c)(1)).

It is the government's burden with respect to the defendant currency to prove by a preponderance of the evidence that there is a "substantial connection" between the currency and the purchase or sale of cocaine. **See, e.g.**, $ 345,510.00 in U.S. Currency, 2002 U.S. Dist. LEXIS 236, 2002 WL 22040, at 2 (interpreting CAFRA: "the Court must...determine whether these facts are sufficient to establish by a preponderance of the evidence that the Defendant currency is connected with illegal narcotics activity.")(citing 18 U.S.C. § 983(c)(1)). United States v. $ 22,991.00, More or Less, in United States Currency, 227 F. Supp. 2d 1220, 1232 (D. Ala., 2002).

    C.    The Government has Failed to Establish the Defendant Vehicle is Subject to Forfeiture.

The Government has failed to establish the defendant vehicle is subject to forfeiture. The statements of facts proffered by the Government detail events which do not include the claimant or any indication that the claimant had knowledge of the activities alleged to be sufficient for forfeiture.

The Government asserts that the claimant was indicted by a federal grand jury in June 2006. However, the Government fails to state that the charges against the claimant were subsequently dismissed on Motion of the Government and confirmed by the Court the 11th day of October, 2006.

To prevail in a civil forfeiture case, the government must establish probable cause for belief that a substantial connection exists between the property to be forfeited and the criminal activity

defined by the statute. The probable-cause standard demands less evidence than the preponderance-of-the-evidence standard. But the probable-cause standard demands more powerful evidence than would allow someone to suspect--even reasonably to suspect--that a substantial connection exists between the pertinent property and a drug crime. Probable cause exists when the facts warrant a reasonably cautious person to believe that the item to be forfeited is substantially related to drug crime. Where the forfeiture is pursuant to 21 U.S.C.S. § 881(a)(6) (amended 2000), not just any criminal activity will support the forfeiture: the form of criminal wrongdoing must involve the exchange of a controlled substance. United States v. $242,484.00, 351 F.3d 499 (11th Cir., 2003)

The Claimant produced for the government a substantial showing that the purchase of the subject vehicle was the result of her saving money over a period of months in hopes of purchasing the vehicle for the claimant and her children's use, and the sale of 2002 Chevrolet Impala she owned. ( See Plaintiff's Exhibit page 46 from the deposition of the Claimant April 2, 2007).

The government cannot meet it's burden of proof in this matter. The government alleges that the claimant knew or should have known that her common-law husband was involved in the use and sale of drugs. Although the government alleges that the Claimant's common law husband, Tavaris Mabson, was arrested as a result of an investigation by drug task force officers, the government fails to include the fact that the claimant was not found to be a co-conspirator in Mabson's case.

D.    The Claimant is an Innocent Owner.

Under CAFRA[1], a claimant may defeat a forfeiture by showing that he is an "innocent owner." Section 983(d) sets forth the requirements of the innocent owner defense, which must be proven by a preponderance of the evidence. Title 18, United States Code, Section 983(d) (1). There is no question as to whether the claimant qualifies as an owner. Subsection 983(d) (6) (A) defines

---

[1] 18 USC §§ 983

"owner" as "a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest." The claimant purchased the vehicle in question from a licensed used car dealer in Montgomery, she registered the vehicle in her name, and she regularly drove and used the vehicle for the benefit of herself and her children.

The Claimant is not a mere nominee who lacks dominion and control over the vehicle. Instead, she is the lawful owner of the vehicle in question, and had only allowed Tavaris Mabson to drive the vehicle to pick up their children, or to pick her up from work.

## CONCLUSION

For all the reasons stated above, the Court should NOT enter judgment in favor of the United States, and should allow this matter to proceed to trial.

Respectfully submitted this the 28th day of May, 2007.

/s/ Thomas J. Azar, Jr.
THOMAS J. AZAR, JR. (AZA006)
Attorney for Claimant

Of Counsel:
Law Office of Thomas J. Azar, Jr., LLC
615 South McDonough Street
Montgomery, AL  36104
Office   (334) 263-5362
Fax      (334) 263-3988
Email    tjazar@al-lawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this Brief in Support of the Answer to Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Honorable John Harmon, Office of the United States Attorney, Middle District of Alabama, on this 28th day of May, 2007.

/s/ Thomas J. Azar, Jr.