```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF ALABAMA
                       NORTHERN DIVISION

UNITED STATES OF AMERICA,       :
                                :
            PLAINTIFF,           :
                                :
       v.                       :    CIVIL ACTION NO. 2:06cv1022-MEF
                                :
ONE 2001 CHEVROLET SUBURBAN,    :
VIN: 3GNEC16TX1G165966,         :
WITH ALL APPURTENANCES          :
AND ATTACHMENTS THEREON,        :
                                :
            DEFENDANT.          :
```

## RESPONSE TO CLAIMANT'S BRIEF IN OPPOSITION TO THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT

The United States of America (United States), by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, hereby respectfully submits the following:

### I. STANDARD FOR SUMMARY JUDGMENT AND BURDEN OF PROOF (PARTS A AND B OF CLAIMANT'S BRIEF)

The United States concurs with the Claimant that the standard for initial seizure of property is probable cause. However, upon a motion for summary judgment or at trial, the burden of proof as to the forfeitability of the Defendant property is upon the United States by a preponderance of the evidence. (See 18 U.S.C. § 983(c)).

### II. DRUG PROCEEDS THEORY OF FORFEITURE

The United States notes that the only factual opposition to this portion of the United States' motion is the one paragraph

statement in the Claimant's verified claim. This paragraph makes the conclusory assertion that the Suburban is "my vehicle". Other than that unsupported statement, she makes no factual rebuttal to the evidence cited supporting the United States' Motion for Summary Judgment.

The United States showed that Tavares Mabson owned a vehicle registered to another person (see Part C-5 of the United States' Motion for Summary Judgment); that the Claimant's sister owned a vehicle but kept it in the Claimant's name (see Part C-6 of the United States' Motion for Summary Judgment); that Tavares Mabson was the Claimant's boyfriend (see Part C-1 of the United States' Motion for Summary Judgment); that the Claimant had limited reported income (see Part B, (k) of United States' Motion for Summary Judgment); and that drug dealers such as Mabson use "straw" purchasers to hide the true ownership of property (see Part B, (i) and (j) of the United States' Motion for Summary Judgment).

These facts are not disputed other than the conclusory, unsupported assertion of ownership by the Claimant. This is insufficient to oppose the United States' Motion for Summary Judgment.

### III.  FACILITATION THEORY

The Claimant's only factual opposition to this portion of the United States' Motion is her statement that she "had allowed Tavares Mabson to drive my vehicle. I have no personal knowledge

of whether Tavares Mabson was or is involved in any illegal activities that would subject my vehicle to seizure."

The United States showed that the Claimant was present when a large quantity of marijuana was seized from her residence (see Part C-3, 4, 5 and Part B, (d) of the United States' Motion for Summary Judgment). After this search, agents found Mabson driving the Suburban and seized it. The Suburban contained a strong odor of raw marijuana, marijuana residue and partially smoked marijuana cigarettes (see Part B, (f) and (g) of the United States' Motion for Summary Judgment).

The Claimant also admitted that she allowed Mabson to drive the Suburban even though he had no driver's license and she was aware that he smoked marijuana. (See Part C-7 and 8 of the United States' Motion for Summary Judgment).

The mere conclusory denial of knowledge cannot overcome the strong evidence showing that the Claimant had actual knowledge of Mabson's drug activity and drug use. Despite this knowledge, the Claimant allowed Mabson to use the vehicle and transport at least a small quantity of marijuana. The Claimant has the burden of establishing that she is an innocent owner. She has failed to meet her burden and summary judgment is due the United States.

## IV. SUBSTANTIAL CONNECTION

The United States has shown a substantial connection between the vehicle and illegal drug dealing. Mabson is a drug dealer and

kept a large quantity of marijuana at the residence he shared with the Claimant.  The Suburban had the odor of marijuana, residue and partially smoked marijuana cigarettes.

These facts establish the substantial connection.

Respectfully submitted this 13th day of June, 2007.

FOR THE UNITED STATES ATTORNEY
LEURA G. CANARY

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney
Bar Number: 7068-II58J
Office of the United States Attorney
Middle District of Alabama
One Court Square, Suite 201 (36104)
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280
Facsimile:(334) 223-7560
E-mail: John.Harmon@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Thomas J. Azar, Jr.**

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney