IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Plaintiff, ) | |
| v. ) | CASE NO. 2:06-cv-1022-MEF |
| ) | |
| One 2001Chevrolet Suburban, VIN ) | |
| 3GNEC16TX1G165966, with all ) | |
| Appurtenances and Attachments thereon, ) | |
| ) | |
|     Defendant. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

In this case, the United States seeks to forfeit a Chevrolet Suburban ("the Defendant vehicle") allegedly used in connection with violations of 21 U.S.C. §§ 841, *et seq*. Taramesha Fountain ("Fountain") filed a Verified Claim with respect to the Defendant vehicle (Doc. # 7). This cause is before the Court on the United States of America's Motion for Summary Judgment (Doc. # 15). The Court has carefully considered all submissions in support of and in opposition to the motion and surveyed the relevant case law. For the reasons set forth below, the Court finds that the Motion for Summary Judgment is due to be GRANTED IN PART and DENIED IN PART.

**I. Jurisdiction and Venue**

This Court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355. Venue in this district is proper pursuant to 28 U.S.C. §§ 1355 and 1395 and 21 U.S.C. § 881(j) because the alleged acts or omissions giving rise to the forfeiture occurred in this district and the property is located within this district.

## II. Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments,* 94 F.3d 1489, 1496 (11th Cir. 1996) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transp.,* 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City of Miami,* 52 F.3d 918, 921 (11th Cir. 1995) (internal quotation marks and citations omitted)).

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of its case on

which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the nonmovant and must draw all justifiable inferences from the evidence in the nonmoving party's favor. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *McCormick v. City of Fort Lauderdale,* 333 F.3d 1234, 1243 (11th Cir. 2003) (the evidence and all reasonable inferences from the evidence must be viewed in the light most favorable to the nonmovant). After the nonmoving party has responded to the motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

### III. Facts

The Court has carefully considered all documents submitted in support of and in opposition to the motion. Viewed in the light most favorable to Fountain, the submissions of the parties establish the following facts.

The Defendant property consists of a 2001 Chevrolet Suburban, with all attachments

and appurtenances thereon. Fountain purchased the Defendant vehicle in February 2006, from Foreign Auto Car Sales, trading in a car and paying approximately $5,000 cash. The Defendant vehicle has been registered to Fountain since that time.

In March 2006, law enforcement began investigating Ricardo Cajero ("Cajero") and his suspected drug trafficking. During that same month, Cajero met with a confidential source[1] and was driving the Defendant vehicle. Law enforcement learned that Cajero was using a residence located at 2000 Green Acres, Montgomery, Alabama, in his drug trafficking activities. Utility records showed that Fountain was the billed subscriber at this residence. Agents learned that Cajero was supplying Tavaris Mabson ("Mabson") with marijuana and cocaine. The Verified Complaint states that Mabson "is a well known drug distributor." (Doc. # 1 at 3.) Mabson and Fountain were living together at the time, and they had been together for more than three years.

At some point during the spring of 2006, law enforcement discovered approximately 200 pounds of marijuana in a vehicle from which Cajero fled. The vehicle had come from the Green Acres residence immediately before the seizure. Based upon that information, law enforcement obtained a search warrant for the residence, which was executed on May 5, 2006. During the seizure, agents seized approximately 35 pounds of marijuana. On June 14,

---

[1] The verified complaint states, "Cajero met with a confidential [sic] (hereinafter, CS) and was driving a 2001 Chevrolet suburban . . . ." (Doc. # 1 at 2.) From the context and briefing, it is apparent that the government is referring to a "confidential source."

2006, Fountain, Mabson, and Cajero were indicted in this Court.[2] *See United States v. Mabson et al.*, Case No. 2:06-cr-147-WKW (M.D. Ala.).

On June 19, 2006, agents received information from a confidential source that Mabson was at a residence on Lark Drive in Montgomery. They were further informed that Mabson was driving the Defendant vehicle. Agents stopped Mabson after he left the Lark Drive residence. They arrested Mabson and seized the Defendant vehicle. According to law enforcement, the interior of the Defendant vehicle smelled strongly of marijuana.[3] Agents also found marijuana seeds, pieces of marijuana residue, and several partially-burned, hand-rolled marijuana cigarettes.

The Verified Complaint states that Mabson has a history of "straw purchases" of vehicles and other items, in which drug dealers' relatives or associates hold legal title to property used in drug trafficking to prevent law enforcement from discovering or seizing the property.

Fountain drove the Defendant vehicle and also allowed Mabson to drive it. Fountain would allow Mabson to use the Defendant vehicle to drive Fountain to and from work and to take her son to Fountain's grandmother's house. Fountain told Mabson not to allow anyone else to drive the Defendant vehicle. Mabson drove the Defendant vehicle

---

[2] The indictment was dismissed as to Fountain, and there is no evidence that she has been subsequently charged or indicted for any crime arising out of the May 5, 2006 seizure.

[3] Fountain testified that she never smelled marijuana in the Defendant vehicle. However, she does not appear to have knowledge of the presence of an odor of marijuana when the Defendant vehicle was stopped on June 19.

approximately twenty times between Fountain's purchase of the vehicle in February 2006 and its seizure in June 2006. However, she asserts that she had no personal knowledge regarding whether Mabson was involved in any activities that would subject the Defendant vehicle to seizure.

## IV. Discussion

In a forfeiture case, the Government has the initial burden of proving by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1). Where, as here, the "Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense," the Government must establish that there was a "substantial connection" between the property and the offense. 18 U.S.C. § 983(c)(3). The Government must establish the existence of a substantial connection by a preponderance of admissible, non-hearsay evidence. *United States v. $22,991.00, More or Less, in U.S. Currency*, 227 F. Supp. 2d 1220, 1231 & n.3 (S.D. Ala. 2002). There is no requirement that the Government tender direct evidence of a connection between the subject property and the offense; the presentation of circumstantial evidence is a permissible form of proof. *See id.* at 1231.

In the Verified Complaint, the Government alleges that the Defendant property was used or intended to be used to commit or facilitate the commission of a violation of 21 U.S.C. §§ 841 *et seq*. Fountain claims that the vehicle is not subject to forfeiture because

she had no knowledge of Mabson's criminal activities. She also contends that the Defendant vehicle was purchased for her use with money she had been saving and the proceeds from the sale of her previous vehicle. Fountain's lack of knowledge of Mabson's criminal activity and her intent in purchasing the Defendant vehicle are not relevant to the forfeitability of the Defendant vehicle. To demonstrate that the Defendant vehicle is subject to forfeiture, the government need only establish a "substantial connection" between the Defendant vehicle and the criminal activity alleged. The government has provided evidence that the Defendant vehicle was driven by Mabson and Cajero, both of whom were involved in drug trafficking. Cajero met with a confidential source while driving the Defendant vehicle. In addition, evidence of illegal drugs was found in the Defendant vehicle. Such evidence is sufficient to establish a "substantial connection" between the Defendant vehicle and the offense. Therefore, summary judgment is due to be granted as to the forfeitability of the Defendant property. That is, at trial, the United States will not be required to produce evidence that a violation of 21 U.S.C. §§ 841 *et seq.* occurred or that the violation was substantially connected to the Defendant property.

However, although it has been established that the Defendant property is forfeitable, 18 U.S.C. § 983(d) provides for an innocent owner defense:

> An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute. The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence . . . . With respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, the term "innocent owner" means an owner who . . . did not know of the conduct giving rise to the forfeiture.

7

18 U.S.C. § 983(d).

Fountain has stated in her Verified Claim (Doc. # 7) that she did not know that the Defendant vehicle was being used to facilitate illegal activity. She also testified that she was not aware that Mabson sold marijuana. The government first argues that Fountain was not an owner of the Defendant vehicle because she was a nominee who exercised no dominion or control over the property.[4] The government asserts that Fountain's status as a nominee "is demonstrated by Mabson's extensive use of the vehicle." (Doc. # 16 at 12-13.) The Court disagrees. Fountain testified that Mabson drove the car approximately twenty times between Fountain's purchase of the vehicle in February 2006 and its seizure in June 2006. The evidence before the Court does not support the contention that Mabson's use of the Defendant vehicle was "extensive." The fact that Mabson used the Defendant vehicle approximately twenty times over several months is not enough to show that Fountain was a nominee exercising no dominion or control.

The government also argues that "the presence of drugs in the vehicle and its extensive use by Mabson, even after Fountain was aware of his drug involvement, precludes any assertion by the claimant that she is innocent." (Doc. # 16 at 13.) To be sure, Fountain admitted that she knew that Mabson smoked marijuana. However, she did not know that he sold marijuana. As explained previously, the Court does not agree that Mabson's use of the vehicle was "extensive." Further, Fountain's testimony supports her statement that she

---

[4] "In this subsection, the term 'owner' . . . does not include . . . a nominee who exercises no dominion or control over the property." 18 U.S.C. § 983(d)(6).

was not aware of the presence of drugs in the Defendant vehicle. Fountain's sworn statement that she did not know about the conduct giving rise to the forfeiture is sufficient to create a genuine issue of material fact as to whether she is an innocent owner of the Defendant vehicle. Therefore, summary judgment is due to be DENIED on the innocent owner defense.

## V. Conclusion

For the reasons set forth above, it is hereby ORDERED that the United States' Motion for Summary Judgment (Doc. # 15) is GRANTED in part and DENIED in part. It is GRANTED as to the forfeitability of the Defendant vehicle and DENIED as to Fountain's innocent owner defense.

DONE this the 22nd day of August, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE