IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE No. 2:06cv1022-MEF |
| ) | |
| ONE 2001 CHEVROLET SUBURBAN, ) | |
| VIN: 3GNEC16TX1G165966, ) | |
| WITH ALL APPURTENANCES ) | |
| AND ATTACHMENTS THEREON, ) | |
| ) | |
| Defendant. ) | |

### ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on August 16, 2007, wherein the following proceedings were held and actions taken:

1. **PARTIES AND TRIAL COUNSEL**:

    For the Plaintiff: John T. Harmon;

    For Claimant Taramesha Fountain: Thomas J. Azar, Jr.

    **COUNSEL APPEARING AT PRETRIAL HEARING**:(same as trial counsel).

2. **JURISDICTION AND VENUE**:

    Jurisdiction is predicated on Title 28, United States Code, Section 1345 and Section 1355. Venue is proper as the Defendant property is physically located within the Middle District of Alabama.

3. **PLEADINGS**: The following pleadings and amendments were allowed:

    a.  Verified Complaint for Forfeiture In Rem;

    b.    Order for Warrant and Summons for Arrest <u>In</u> <u>Rem</u>;

    c.    Claim of Taramesha Fountain;

    d.    Answer of Taramesha Fountain.

4.    **CONTENTIONS OF THE PARTIES**:

**The United States of America**

(a)    The Defendant vehicle was used or intended to be used to transport, or facilitate the transportation, sale, receipt, possession or concealment of controlled substances in violation of Title 21, United States Code, Section 841 <u>et</u> <u>seq.</u>, and the Defendant vehicle constitutes the proceeds of an illegal exchange of controlled substances for things of value in violation of Title 21, United States Code, Section 841 <u>et</u> <u>seq.</u>; therefore, the Defendant vehicle is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(4) and Title 21, United States Code, Section 881(a)(6).

(b)    In March 2006, task force officers began an investigation into Ricardo Cajero (Cajero) and his drug trafficking activities.

(c)    In March 2006, Cajero met with a confidential source (CS) and was driving a 2001 Chevrolet Suburban (the Defendant vehicle) registered to Taramesha Fountain (Fountain).

(d)    The investigation revealed that Cajero was using a residence located at 2000 Green Acres Drive, Montgomery, Alabama to facilitate his illegal activities. A check of utilities at the address revealed that the billed subscriber at the residence was Fountain. During the course of the investigation, agents were told that Cajero was supplying Tavaris

Mabson (hereinafter, Mabson) with large amounts of marijuana and cocaine. Mabson is a well known drug distributor.

   e)  On May 5, 2006, a search warrant was executed at 2000 Green Acres Drive. The search warrant was obtained after agents seized approximately 200 pounds of marijuana in a vehicle from which Cajero fled. The vehicle had come from 2000 Green Acres Drive immediately before the seizure. At the residence, agents located and seized approximately 35 pounds of additional marijuana and other miscellaneous items. Fountain and Mabson were both present during the search. Mabson is Fountain's common-law husband.

   f)  In June 2006, Mabson, Fountain and Cajero were indicted by a federal grand jury for possession with intent to distribute approximately 240 pounds of marijuana, conspiracy to possess with intent to distribute over 1,000 kilograms of marijuana and possession of a firearm in furtherance of a drug trafficking offense.

   g)  On June 19, 2006, agents received information from a CS that Mabson was at 2627 Lark Drive, Montgomery, Alabama. Agents were also informed that Mabson was driving the Chevrolet Suburban (the Defendant vehicle). Agents established surveillance and executed a stop on Mabson after he left the residence. Mabson was arrested and the Suburban was seized.

   h)  The interior of the Suburban contained a strong odor of raw marijuana. Several marijuana seeds and pieces of marijuana residue were inside the vehicle and several partially burned hand-rolled marijuana cigarettes were in the ashtray.

   i)  A check of the Suburban's title history revealed

that Fountain purchased the vehicle in February 2006 from Foreign Auto Car Sales. Kenneth Gray (hereinafter, Gray) is the owner of Foreign Auto Car Sales and is also Fountain's cousin. Gray said Fountain bought the Suburban in February by trading in a car and paying approximately $5,000 cash. No lien is shown on the vehicle.

   j)  In order to prevent law enforcement officials from discovering or seizing their assets, drug dealers often use a relative or associate (who is not connected to the drug business) as a "straw" or nominee owner. The "straw" owner holds legal title to the property, but the true owner retains dominion and control of the property.

   k)  Mabson has a history of using other individuals to make "straw purchases" of vehicles and other items.

   l)  Fountain showed a reported income of $7,600.00 in the fourth quarter of 2005 and $1,900.00 in the first quarter of 2006. No other employment records exist for Fountain.

   m)  Neither Mabson nor Fountain has sufficient legal income to show a legitimate source for the funds used to purchase the Defendant vehicle.

   **Claimant Taramesha Fountain**

   The Claimant contends that the vehicle seized is not subject to forfeiture pursuant to 21 USCA § 841 et seq. That she is an innocent owner, and that the vehicle should be returned to the Claimant.

   5.  **STIPULATIONS BY AND BETWEEN THE PARTIES**:

   (a)  The written forensic analysis reports of the

illegal drugs seized will be admitted as evidence without requiring testimony and presence of forensic scientist who conducted the analysis;

   (b) Claimant does not contest the analysis reflected on said reports.

 **It is ORDERED that**:

(1) The non-jury trial of this cause, which is to last one (1) day, is set for **Wednesday, September 19, 2007**, at 9:00 a.m. at the United States Courthouse in Montgomery, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately three weeks prior to the start of the trial term;

(3) The plaintiff(s) are required to file proposed findings of fact and conclusions of law by September 12, 2007. The claimant is required to file proposed findings of fact and conclusions of law by September 12, 2007. The parties are also directed to e:mail their proposed findings of fact and conclusions of law to *propord_fuller@almd.uscourts.gov* in WordPerfect format by the dates specified above.

(4) The parties in this case are required to file trial briefs by September 12, 2007.

(5) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), **three copies** of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(6) All deadlines not otherwise effected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #12) entered by the court on January 4, 2007;

(7) All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

 DONE this the 22nd day of August, 2007.

           /s/ Mark E. Fuller
           CHIEF UNITED STATES DISTRICT JUDGE