IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | Civil Action No.: 2:06CV-1022-F |
| ) | |
| ONE 2001 CHEVROLET SUBURBAN, ) | |
| VIN: 3GNEC16TX1G165966, WITH ALL ) | |
| APPURTENANCES AND ATTACHMENTS ) | |
| THEREON, ) | |
| Defendant. ) | |

**CLAIMANT'S PROPOSED FINDING OF FACT AND CONCLUSIONS OF LAW**

COMES NOW the Claimant, Tarameshia Fountain, by and through the undersigned counsel and files herein her Proposed Finding of Facts and Conclusion of Law:

1. Forfeitability of Defendant Property:

The claimant contends that the vehicle seized is not subject to forfeiture pursuant to 21 USCA § 841, et seq. That she is an innocent owner, and that the vehicle should be returned to the Claimant. The Government has failed to establish the defendant vehicle is subject to forfeiture. The statements of facts proffered by the Government detail events which do not include the claimant or any indication that the claimant had knowledge of the activities alleged to be sufficient for forfeiture.

2. Innocent Owner Defense Finding of Fact:

A. The Claimant produced for the government a substantial showing that the purchase of the subject vehicle was the result of her saving money over a period of months in hopes of purchasing the vehicle for the claimant and her children's use, and the sale of 2002 Chevrolet Impala she owned. ( See Plaintiff's Exhibit page 46 from the deposition of the Claimant April 2, 2007).

B.  The Claimant was not a target or suspect of the Government's drug investigation that resulted in the arrest of Tavaris Mabson.

C.  No drugs were found in the Claimant's possession during the search of the home that she and her children shared with Tavaris Mabson.

D.  There was only a trace amount of marijuana found in the Claimant's vehicle when Mabson was arrested in the vehicle.

E.  The Claimant testified that she only allowed Mabson to use her vehicle occasionally, and she never allowed him to smoke anything in her vehicle.

F.  The Claimant testified in her deposition that the proceeds to purchase the defendant vehicle came for the sale of her 2002 Chevrolet, savings from her paycheck, and her Income Tax refund.

G.  Allowing the Government to condemn the defendant vehicle amounts to an excessive fine based upon the Government's assertion that only a trace amount of marijuana was found in the vehicle.

H.  The Claimant is not a mere nominee who lacks dominion and control over the vehicle; she is the lawful owner of the vehicle in question, and had only allowed Tavaris Mabson to drive the vehicle to pick up their children, or to pick her up from work.

3.  <u>Conclusions of Law:</u>

A.  Under CAFRA[1], a claimant may defeat a forfeiture by showing that he is an "innocent owner." Section 983(d) sets forth the requirements of the innocent owner defense, which must be proven by a preponderance of the evidence. Title 18, United States Code, Section 983(d) (1).

---

[1] 18 USC §§ 983

  B. The Claimant took all the steps she knew to ensure that Mabson did not commit any violation of law while in her vehicle. The undisputed testimony from the Claimant's deposition was that she never allowed Mabson to smoke in her vehicle, that she did not know the vehicle was being used by other persons without her permission, and that she only on rare occasions let Mabson borrow her vehicle. United States v. 16328 S. 43rd E. Ave., 275 F.3d 1281, 1285-1286 (10th Cir. 2002).

  C. The Claimant had no reason to suspect that her vehicle was being used for illegal activity. United States v. One 1992 Isuzu Trooper, 51 F. Supp. 2d 1268 (D. Ala. 1999)[2]

  D. The seizure of the defendant vehicle is an excessive fine under the 8th Amendment to the United States Constitution. United States v. One Parcel Property Located at 427 and 429 Hall Street, Montgomery, Alabama, 74 F.3d 1165, 1172 (11th Cir. 1996).[3]

  Respectfully submitted this the 13th day of September, 2007.

        /s/ Thomas J. Azar, Jr.
        THOMAS J. AZAR, JR.  (AZA006)
        Attorney for Claimant

Of Counsel:
Law Office of Thomas J. Azar, Jr., LLC
615 South McDonough Street

---

[2] Under a subjective standard, in order to avoid the willful blindness prong of U.S.C.S. § 881(a)(4)(C), a claimant must demonstrate that she was not subjectively aware of a high probability that her vehicle was being used to transport drugs or if she was, that she took affirmative steps reasonable under the circumstances to determine whether, in fact, the vehicle was going to be or had been so used. United States v. One 1992 Isuzu Trooper, 51 F. Supp. 2d 1268 (D. Ala. 1999)

[3] ...the application of the excessive fines clause to a civil forfeiture "requires a review of the proportionality of the fine imposed. That is, a court must ask: Given the offense for which the owner is being punished, is the fine (imposed by the civil forfeiture) excessive?" United States v. One Parcel Property Located at 427 and 429 Hall Street, Montgomery, Alabama, 74 F.3d 1165, 1172 (11th Cir. 1996). United States v. One 1992 Isuzu Trooper, 51 F. Supp. 2d 1268, 1273 (D. Ala. 1999)

Montgomery, AL  36104
Office   (334) 263-5362
Fax      (334) 263-3988
Email    tjazar@al-lawyers.com

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed this Brief in Support of the Answer to Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Honorable John Harmon, Office of the United States Attorney, Middle District of Alabama, on this 13th day of September, 2007.

                                                  /s/  Thomas J. Azar, Jr.