```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF ALABAMA
                     NORTHERN DIVISION

UNITED STATES OF AMERICA,    :
                             :
         PLAINTIFF,          :
                             :
     v.                      :    CIVIL ACTION NO. 2:06cv1022-MEF
                             :
ONE 2001 CHEVROLET SUBURBAN, :
VIN: 3GNEC16TX1G165966,      :
WITH ALL APPURTENANCES       :
AND ATTACHMENTS THEREON,     :
                             :
         DEFENDANT.          :
```

**POST TRIAL BRIEF**

The United States of America (United States), by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, hereby submits the following Post Trial Brief:

1. The Court requested authority regarding the following issue. "Can knowledge of illegal drug use (smoking marijuana) defeat the assertion of the innocent owner defense?"

2. The innocent owner defense is an affirmative defense which the claimant bears the burden. See 18 U.S.C. § 983(d)(1). ...the term "innocent owner" means an owner who-

> (i) did not know of the conduct giving rise to forfeiture; or
>
> (ii) upon learning of the conduct giving rise to the forfeiture, could be expected under the circumstances to terminate such use of the property.

18 U.S.C. § 983(d)(2)(A).

3. Here the Claimant admitted that she was aware that Tavares Mabson smoked marijuana regularly. The initial issue then is does this knowledge, in and of itself, preclude the Claimant's assertion of the innocent owner defense?

The United States cannot cite the court to authority which holds that knowledge of prior personal use of illegal drugs by an operator of a vehicle is sufficient to preclude a claimant, who knowingly allows this operator use of the vehicle, from asserting the innocent owner defense.

4. The United States does assert that such knowledge is extremely probative on the issue of whether the Claimant has carried her burden of establishing the innocent owner defense.

Here, the Claimant was aware of Mabson's regular drug use. Moreover, she was aware that a warrant, executed at the home she shared with Mabson, had resulted in the seizure of a large quantity of marijuana from a vehicle along with cash, drug paraphernalia, weapons and additional marijuana from within the house.

Days later, the Defendant vehicle was being operated by Mabson. Upon his arrest, the odor of smoked marijuana and raw marijuana was overwhelmingly present in the vehicle. This odor was not present in the Defendant vehicle at the time of the execution of the warrant.

5. Claimant has the burden. Her simple denial of knowledge does <u>not</u> establish her defense by a preponderance of the evidence. Indeed, the strong weight of the evidence is in favor of the United States. Her innocent owner defense should be denied.

Respectfully submitted this 24th day of September, 2007.

                FOR THE UNITED STATES ATTORNEY
                    LEURA G. CANARY


/s/John T. Harmon
John T. Harmon
Assistant United States Attorney
Bar Number: 7068-II58J
Office of the United States Attorney
Middle District of Alabama
131 Clayton Street
Montgomery, Alabama 36104
Telephone:(334) 223-7280
Facsimile:(334) 223-7560
E-mail: John.Harmon@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2007, I electronically filed the foregoing Post Trial Brief with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Tom Azar.**

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney